_____
                                       )
ALAN NGUYEN,                        )
                                       )    CIVIL ACTION NO. 09-cv-10630-NMG
                     Plaintiff,       )
   v.                                  )
                                       )
GE INFRASTRUCTURE SENSING, INC., )
                                       )
                     Defendant.  )
_____)

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT, AND IN THE ALTERNATIVE, MOTION TO STRIKE AND FOR A MORE DEFINITE STATEMENT

Defendant GE Infrastructure Sensing, Inc. ("GE Sensing" or "Defendant"), pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss Plaintiff Alan Nguyen's rambling and at times incomprehensible Complaint ("Complaint") for failure to state a claim upon which relief may be granted. Plaintiff previously and unsuccessfully sued Defendant in Massachusetts Superior Court seeking relief for the same claims. Accordingly, this Court should dismiss Plaintiff's Complaint because his repeated and harassing litigation tactics, coupled with his blatant forum-shopping, require dismissal under the doctrine of res judicata. To the extent that Plaintiff alleges that he has a medical condition triggered by exposure to irritants in his workplace, his claims are pre-empted by the exclusivity provision of the Massachusetts Workers' Compensation statute. Finally, Plaintiff's Complaint fails to allege *any* facts to support an actionable discrimination claim under any theory. Defendant respectfully requests that this Court dismiss the Complaint in its entirety, with prejudice. In the alternative, Defendant moves to strike any references in Plaintiff's Complaint to confidential mediation discussions before the Massachusetts

Commission Against Discrimination ("MCAD"), and requests that Plaintiff be ordered to provide a more definite statement of his claims.

**Factual and Procedural Background**

Plaintiff filed this Complaint on or about April 16, 2009.[1] Although his precise cause(s) of action are unclear, Plaintiff appears to assert claims of "national origin, disability, race [and] color" discrimination, *see* Compl. at 2, as well as a claim for exposure to "fumes" in the workplace, *see* Compl. ¶ 4. Plaintiff has already sued Defendant for these claims. On June 27, 2007, Plaintiff filed a Complaint with the Massachusetts Superior Court, alleging that Defendant discriminated against him on the basis of "national origin, disability, race [and] color." *See Nguyen v. GE Sensing, et al.*, No. SUCV2007-02744-E (Mass. Super. Ct.) (complaint attached as Exhibit A).[2] The Superior Court dismissed Plaintiff's claims <u>with prejudice</u> pursuant to Defendant's Rule 12(b)(6) motion. *See Nguyen v. GE Sensing, et al.*, No. SUCV2007-02744-E (Mass. Super. Ct. Oct. 15, 2007) (Spurlock, J.) (Judgment on Motion to Dismiss attached as Exhibit B).

Plaintiff also has filed <u>three</u> complaints of discrimination against GE Sensing with the MCAD.[3] The first was filed on July 3, 2006, and the second was filed on December 18, 2006. Both the first and second complaints were dismissed for lack of probable cause. The third was

---

[1] Plaintiff served Defendant on July 17, 2009, and responsive pleadings are due on August 6, 2009.

[2] In deciding this Motion to Dismiss, this Court may consider documents filed in other proceedings. *See Griswold v. Driscoll*, 2009 U.S. Dist. LEXIS 48554 (D. Mass. June 10, 2009) (courts will consider documents outside the pleadings in a motion to dismiss where "the authenticity [of the documents is] not disputed by the parties; for official public records; for documents central to plaintiff's claim; or for documents sufficiently referred to in the complaint."); *Watterson v. Page*, 987 F.2d 1, 4 (D. Mass. 1993) (treating documents filed in previous court proceedings as being part of the pleadings in a motion to dismiss).

[3] *Alan Nguyen v. GE Sensing*, MCAD Docket Nos. 06BEM01580 (race/color discrimination); 06BEM03071 (national origin/disability/race/ color); 07BEM01642 (national origin/disability/race/color).

2

filed on July 3, 2007, six days after Plaintiff filed his lawsuit in the Superior Court. The MCAD dismissed the 2007 Complaint at Plaintiff's request on February 20, 2009.

The 2006 and 2007 MCAD Complaints and the Superior Court action involved the same factual circumstances and allegations of discrimination as Plaintiff asserts in his present Complaint. All four involved allegations that Defendant treated Plaintiff differently and worse than his co-workers because he is Vietnamese. *See* Exhibit A; Compl. at 2. All four accused Defendant of discriminating against Plaintiff due to some alleged disability. *See* Exhibit A; Compl. at 2. All four asserted that Plaintiff was harmed by exposure to workplace irritants. *See* Exhibit A; Compl. ¶ 4. Because Plaintiff admits that he ceased working for Defendant on June 20, 2007,[4] prior to the filing of both his Superior Court Complaint and his 2007 MCAD Complaint, Plaintiff cannot claim any further harm subsequent to those filings. *See* Compl. ¶ 11. Every incident of alleged discrimination or workplace injury arising from Plaintiff's employment with Defendant has already been adjudicated.

## Argument

### I. Plaintiff's Claims Are Barred By Res Judicata.

Res judicata precludes redundant litigation where: (1) there was a final judgment on the merits in an earlier action; (2) there is an identity of the cause of action in both the earlier and later suits; and (3) there was an identity of parties or privies in the two suits. *Swaida v. Gentiva Health Servs.*, 238 F.Supp. 2d 325, 328 (D. Mass. 2002). The U.S. Supreme Court has noted that the "doctrine of res judicata serves vital public interests," and "there is simply no principle of law or equity which sanctions the rejection by a federal court of [this] salutary principle." *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981). The doctrine "is not a mere

---

[4] Plaintiff's employment was terminated on June 20, 2007, after three no call/no show absences from scheduled shifts.

matter of practice or procedure . . . It is a rule of fundamental and substantial justice, or public policy and private peace, which should be cordially regarded and enforced . . . [and it] is even more compelling in view of today's crowded dockets." *Id*. (quotations omitted). All three elements of res judicata are satisfied in the present case, and the Massachusetts Superior Court's dismissal with prejudice of Plaintiff's claims precludes the relitigation of the same matter in federal court.

There was a final judgment on the merits in the Superior Court action. The U.S. Supreme Court has held that the "dismissal for failure to state a claim under [Rule] 12(b)(6) is a judgment on the merits" for res judicata purposes. *Id*. at 399 n.3; *see also Isaac v. Schwartz,* 706 F.2d 15, 17 (1st Cir. 1983) ("Under Massachusetts law, as elsewhere, a dismissal for failure to state a claim . . . operates as a dismissal on the merits."); *Ji v. Kits van Heyningen*, 2006 WL 2521440, at *4 (D. R.I. Aug. 29, 2006) ("dismissals pursuant to 12(b)(6) are considered judgments on the merits and are accorded full res judicata effect."); *Swaida*, 238 F. Supp. 2d at 328 (a 12(b)(6) dismissal is "presumed to be with prejudice unless the order explicitly states otherwise, has a claim preclusive effect," and "does not need any specific notation that the dismissal was on the merits"); *Kerouac v. FDIC*, 825 F. Supp. 438, 442 (D. N.H. 1993) ("federal cases addressing this issue and applying federal and state law support the familiar premise that a dismissal for failing to state a cause of action is a dismissal on the merits."). The fact that the dismissal was from state court is inconsequential. *See Ji,* 2006 U.S. Dist. LEXIS at *10 (dismissing claims pursuant to res judicata based on state court's 12(b)(6) dismissal); *Kerouac*, 825 F. Supp. at 442-43 (holding that Rule 12(b)(6) dismissal from state court requires dismissal from federal court on res judicata grounds).

The Superior Court case involved the same causes of action and included the parties in the present Complaint.[5] The First Circuit considers three factors in determining whether two claims are substantially identical: (1) whether the facts are related in time, space, origin, or motivation; (2) whether they form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations. *Swaida*, 238 F. Supp. 2d at 328. Here, Plaintiff's two claims are not merely related, they are <u>identical</u>. While Plaintiff's Superior Court Complaint was less detailed than his present Complaint, they turn on <u>exactly</u> the same facts (to the extent that he has alleged facts at all). Plaintiff's employment with Defendant ended before he filed his Superior Court Complaint, and so his broad claims of "national origin, disability, race [and] color" discrimination, *see* Compl. at 2, as well as exposure to workplace irritants, were completely encompassed within that action and were specifically referenced in that Complaint. *See* Exhibit A.

Regarding the second element, "the court must determine whether the witnesses or proofs required to prove the factual basis of both claims substantially overlap." *Id*. at 329. The two claims also involve the same witnesses: the co-workers who shared Plaintiff's workspace, Plaintiff's supervisors, and his doctors. They therefore would form a convenient trial unit. Treating them as a unit would certainly conform with Defendant's legitimate expectations, given that the two cases are identical.[6]

---

[5] The Superior Court Complaint also named an individual defendant, Anne M. Ginestre, who is not named in the present action.

[6] Apparently, Plaintiff "expects" to be allowed to sue Defendant repeatedly for the same claims in every possible forum. Plaintiff's expectations cannot be legitimate for purposes of res judicata because they are abusive, harassing, and manifestly unreasonable. *See Stubbe v. Rua (In re Colonial Mortg. Bankers Corp.)*, 228 B.R. 516, 523 (1st Cir. 1999) (evaluating reasonableness of expectations in res judicata inquiry); *Mass. Sch. of Law v. ABA*, 142 F.3d 26, 34 (1st Cir. 1998) (discussing whether parties' expectations were reasonable "in the res judicata calculus"); *Porn v. Nat'l Grange Mut. Ins. Co*., 93 F.3d 31, 37 (1st Cir. 1996) (party reasonably expected to be sued once rather than twice for the same claims).

Furthermore, Plaintiff's status as a *pro se* litigant does not trump Defendant's right to freedom from redundant and harassing litigation. *See Swaida*, 238 F. Supp. 2d at 330 ("The fact that plaintiff appeared *pro se*, therefore, is insufficient to create any equitable exception" to the res judicata doctrine); *In re Iannochino*, 242 F.3d 36, 49 (1st Cir. 2001) ("We reject the suggestion . . . that parties can ignore facts indicating that they should assert a claim solely because of their lack of representation."). This is the fifth complaint that Plaintiff has filed against Defendant based on exactly the same theories. Defendant has been forced to defend itself from Plaintiff's groundless claims for the past three years in multiple forums. Defendant is entitled to finality, and this Court should shield Defendant from further abusive litigation by a Plaintiff engaged in blatant forum-shopping. All three elements of res judicata are satisfied, and this Court should dismiss Plaintiff's Complaint.

## II. Plaintiff's Complaint Fails to State *Any* Viable Claims.

If this Court declines to dismiss Plaintiff's Complaint on res judicata grounds, it should dismiss the Complaint because Plaintiff has failed to state any viable claims. A court must dismiss a complaint where the plaintiff's factual allegations are insufficient to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), the Supreme Court clarified the standard for assessing whether a complaint can survive a Rule 12(b)(6) motion to dismiss. Simply put, "the Plaintiff must plead enough facts to state a claim to relief that is plausible on its face." *Id.* (emphasis added). In abandoning the more lenient standard that a complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Supreme Court in *Twombly* stated unequivocally that to survive such a motion, the "[f]actual allegations [set forth in the Complaint] must be enough to raise a

right to relief above the speculative level." *Id.* at 1965 (citing *Conley v. Gibson*, 355 U.S. 41, 45 (1957)). The *Twombly* standard is rooted in the threshold requirement of Rule 8(a)(2) that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 1964, (*quoting Conley*, 355 U.S. at 47). Drawing on the Rule 8(a) standard, *Twombly* held that a plaintiff must provide the grounds for his or her entitlement to relief, and not simply rely on labels, conclusions, and "formulaic recitation of the elements" of the claim. *Id.* at 1965.

    A. <u>Plaintiff's Claim for "Expos[ure to] Toxic Fumes" is Barred by the Exclusivity Provisions of the Massachusetts Workers' Compensation Act.</u>

Although unclear from the Complaint, Plaintiff seems to assert a claim for exposure to irritants in the workplace. *See* Compl. ¶ 4-6. Under the exclusivity provision of the Workers' Compensation Act, M.G.L. c. 152, § 24, such claims are barred where: (1) the plaintiff is or was an employee of the defendant; (2) the plaintiff claims to have suffered a "personal injury" within the meaning of the Act; and (3) the injury arose out of and in the course of the plaintiff's employment. *Green v. Wyman-Gordon Co.*, 422 Mass. 551, 558 (1996) (citing *Foley v. Polaroid Corp.*, 381 Mass. 545, 548-49 (1980)); *Fusaro v. Blakely*, 40 Mass. App. Ct. 120 (1996) (statutory bar to a common-law claim under the Workers' Compensation Act treated as a lack of subject matter jurisdiction).

Plaintiff's "workplace exposure" claim is barred by the exclusivity provision of the Workers' Compensation Act. First, Plaintiff was an employee of GE at the time he claims to have been "exposed" to "toxic fumes." *See* Compl. ¶ 4-6 (admitting that alleged exposure occurred "over the course of [his] employment"); *Bertrand v. Quincy Market Cold Storage & Warehouse*, 728 F.2d 568, 572 (1st Cir. 1984) ("As the employer's conduct substantially took place while the plaintiff was still an employee, and it explicitly concerned his employment, the

7

plaintiff suffered 'a personal injury' arising out of and in the course of his employment."). Second, the alleged injuries fit squarely within the definition of "personal injuries" included within the Workers' Compensation Act. *See* M.G.L. c. 152, § 1(7A).[7] Accordingly, Plaintiff's apparent claims arising out of alleged exposure to workplace irritants are barred and should be dismissed, with prejudice.

      B. <u>Plaintiff's Minimal Allegations Fail to State a Claim for Discrimination Under Title VII, M.G.L. ch. 151B, or the Americans With Disabilities Act.</u>

Plaintiff's conclusory statement that he believes that he "was discriminated against by GE Sensing on the basic [sic] of National Origin, Disability, Race, Color [sic]" fails to state a claim for discrimination on any basis. *See* Compl. at 2. Indeed, he has failed to allege any facts that support a claim for disability, race, color, or national origin discrimination. Accordingly, his discrimination claims fail.

In order to establish a *prima facie* case of disability discrimination, a plaintiff must show that: (1) he is handicapped within meaning of the statute; (2) he is qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) he was terminated or otherwise subject to adverse action by his employer because of the disability. *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002). Plaintiff has failed to plead any of these elements. As a preliminary matter, although Plaintiff presents a laundry list of symptoms, procedures, and treatments,[8] he fails to state whether he is substantially limited in any major life

---

[7] Although Defendant accepts the facts in the Complaint as true for the purposes of this Motion, Defendant also states for the record that no such "workplace exposures" ever occurred. In fact, Plaintiff has filed a claim for workers' compensation benefits, and was denied such benefits.

[8] Plaintiff lists "asthma-breathing problems, sinus surgery, gastroesophageal reflux, allergy, cold, flu, hernia" as his disabilities. *See* Compl. at 1. He also states that he requested a different work assignment because he had a "severe cough." Compl. ¶ 6.

8

activities.[9]  Nor has Plaintiff alleged that he is capable of performing the essential functions of his job, either with or without accommodations.  He also fails to state any facts regarding the reason for his termination in June 2007.  Specifically, he does not even allege that he was fired <u>because of</u> his alleged disability.

To the extent that Plaintiff claims he was denied a reasonable accommodation of his alleged disability, *see* Compl. ¶¶ 7-9, this claim also fails.  A plaintiff alleging that his employer failed to provide a reasonable accommodation needs to show, in addition to the first two prongs set forth above, that the employer, "despite knowing of his alleged disability, did not reasonably accommodate it."  *Carroll*, 294 F.3d at 237.  Plaintiff does not state that GE Sensing failed to provide any specific accommodations that he requested.  In fact, Plaintiff admits that he asked "that [he] be transferred to a position that would not expose [him] to such chemicals, fumes [sic]," Compl. ¶ 6, and that GE Sensing responded by granting him a transfer to a position in the stock room, Compl. ¶ 7.  He does not allege that he was exposed to any "toxic fumes" in the stock room, or that he complained that this transfer failed to accommodate his alleged health problems.  For these myriad reasons, Plaintiff's disability discrimination claim fails.

Plaintiff's claims of race, color and national origin discrimination fare no better.  Notwithstanding the conclusory statement that he was discriminated against on these bases, Plaintiff fails to assert any <u>facts</u> to support his allegations.  For claims of discrimination, a plaintiff must establish a *prima facie* case: (1) plaintiff is a member of a protected class; (2) plaintiff's employer took an adverse employment action against him; (3) plaintiff was qualified for the employment he held; and (4) plaintiff's position remained open or was filled by a person whose qualifications were similar to his.  *Rodriguez-Cuervos v. Wal-Mart Stores, Inc.*, 181 F.3d

---

[9] A disability is defined in part as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual."  42 U.S.C. § 12102(2)(a).

9

15, 19 (1st Cir. 1999). Plaintiff has failed to plead any of these elements, other than asserting that he was terminated in June 2007, *see* Compl. ¶ 11, stating that he is Vietnamese, *see* Compl. ¶ 1, and making the implausible assertion that non-Vietnamese employees who shared his work space were not exposed to the same alleged "toxic fumes," *see* Compl. ¶ 4.

Though the burdens of notice pleading may be light, a plaintiff cannot be allowed to rest on conclusory legal allegations, unsupported by factual claims.[10] *Twombly*, 127 S. Ct. at 1974; *Green v. Concord Baptist Church*, 313 Fed. Appx. 335, 335-36 (1st Cir. 2009) ("district court was obviously justified in deeming . . . allegations insufficient to state a claim" where the complaint was "vague" and "bare-boned"); *Fantini v. Salem State Coll.*, 557 F.3d 22, 26 (1st Cir. 2009) (under the 12(b)(6) standard, "the Court shall not accept . . . bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation, or subjective characterizations, optimistic predictions, or problematic suppositions.") (quotations omitted); *Wash. Legal Found. v. Mass. Bar Found.,* 993 F.2d 962, 971 (1st Cir. 1993) (because only well-pleaded facts are taken as true, the court need not accept a party's unsupported conclusions or interpretations of law). Accordingly, his Complaint should be dismissed with prejudice for failure to state a claim.

### III. If the Complaint is Not Dismissed, the Court Should Strike from Plaintiff's Complaint the Improper References to Confidential Settlement Discussions Between The Parties.

The Court should strike from the Complaint all inappropriate references to confidential mediation discussions before the MCAD. *See* Compl. at 3. Under Fed. R. Civ. P. 12(f), "[t]he Court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Here, Plaintiff's references to settlement discussions are both impertinent and

---

[10] Even if Plaintiff had met his pleading burden, the allegations in the Complaint provide an insufficient basis for Defendants to respond to his claims.

immaterial because he signed a confidentiality agreement regarding mediation discussions, and he now refers to those discussions to imply wrongdoing on the part of Defendant.[11] In addition, offers to compromise are categorically inadmissible under the Federal Rules of Evidence. *See* Fed. R. Evid. 408.[12] The Court should strike all references to settlement discussions from the Complaint. *See* Compl. at 3.

### IV. At a Minimum, Plaintiff Should Be Required To Provide a More Definite Statement of His Claims.

Plaintiff's Complaint should be dismissed with prejudice for the reasons set forth above. Barring dismissal, the Court should compel Plaintiff to provide a more definite statement of his claims. Under Fed. R. Civ. P. 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *See also Twombly*, 127 S. Ct. at 1970 n.9 ("The remedy for an allegation lacking sufficient specificity to provide adequate notice is, of course, a Rule 12(e) motion for a more definite statement"); *Antoine v. Mellon Bank*, 143 Fed. Appx. 370, 370 (1st Cir. 2005) (*pro se* litigant ordered to provide a more definite statement of his claims); *Tarabolski v. Town of Sharon*, 1995 U.S. App. LEXIS 31829, at *2 (1st Cir. Nov. 15, 1995)

---

[11] The MCAD retained the confidentiality agreement for their files. Defendant will obtain a copy of the confidentiality agreement upon the Court's request.

[12] Federal Rule of Evidence 408 states that:

> "Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish, or accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or statements made in compromise negotiations regarding the claim . . . ."

("district court did not abuse its discretion in ordering [*pro se* litigant] to file a more definite statement" where allegations in the complaint were "vague and conclusory").  Here, Plaintiff's Complaint is rambling and at times incomprehensible.  It is difficult, if not impossible, to discern his claims, and responding to them would amount to little more than guesswork.  For instance, it is entirely unclear whether Plaintiff is asserting a claim for personal injury due to exposure to "toxic fumes," or simply a disability accommodation claim.  *See* Compl. ¶¶ 4-6.  In order for Defendant to properly respond to the claims, GE Sensing needs a clear statement of the facts upon which Plaintiff bases his claims as well as the legal theory supporting each claim.

## Conclusion

For the reasons discussed above, Defendant respectfully requests that this Court dismiss the Complaint in its entirety, with prejudice.  In the alternative, Defendant moves to strike Plaintiff's references to confidential mediation discussions, and requests that Plaintiff be ordered to provide a more definite statement of his claims.

Respectfully submitted,

Defendant,
GE INFRASTRUCTURE SENSING, INC.
By its Attorneys,

/s/ Beth Gobeille
Krista G. Pratt (BBO# 644741)
Beth Gobeille (BBO# 672639)
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028

DATED: August 6, 2009

Tel.:	(617) 946-4800
Fax:	(617) 946-4801

BO1 15991911.1

## **CERTIFICATE OF SERVICE**

      I, Beth Gobeille, hereby certify that on August 6, 2009, a true copy of the foregoing document was delivered by hand delivery upon Plaintiff, *pro se*, 130 Wrentham Street, Apt. 2, Dorchester, MA 02124.

                                                       <u>/s/ Beth Gobeille</u>