UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
ALAN NGUYEN,                        )
                                    )    CIVIL ACTION NO. 09-cv-10630-NMG
                Plaintiff,          )
        v.                          )
                                    )
GE INFRASTRUCTURE SENSING, INC.,    )
                                    )
                Defendant.          )
_____)

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Alan Nguyen ("Nguyen" or "Plaintiff") has filed a Motion for Appointment of Counsel (the "Motion") wherein he asks the Court to appoint counsel to represent him in this matter. No precedent or legal support is cited by Plaintiff in support of his Motion. As will be discussed in greater detail below, Plaintiff's Motion is without merit and should be denied. With very limited exceptions, of which none are present in this case, civil plaintiffs have no right to court-appointed counsel. Moreover, Plaintiff has failed to show whether he has attempted to secure counsel, and he fails to substantiate his financial condition in support of his request for court-appointed counsel. Finally, Plaintiff's claims have been previously litigated and a final judgment has been entered against him in that prior action. Accordingly, the doctrine of res judicata mandates dismissal of Plaintiff's claims in this case. In view of the foregoing, the Court should deny Plaintiff's extraordinary request for court-appointed counsel.

**Argument**

The First Circuit has consistently held that "[t]here is no constitutional right to counsel in a civil case." *Maroni v. Pemi-Baker Reg'l Sch. Dist.*, 346 F.3d 247, 257 (1st Cir. 2003); *Shewchun v. R.I.*, 2 Fed. Appx. 10, 11 (1st Cir. 2001) ("there is no right to counsel in a civil

case"); *Dodson v. Reno*, 1997 U.S. App. LEXIS 23892, at *8-9 (1st Cir. 1997) ("this court has no authority to appoint counsel in this civil suit."). While Title VII confers discretion upon the court to appoint counsel "in such circumstances as the court may deem just," doing so in this instance would be anything but "just" for the reasons set forth below. *See* 42 U.S.C. § 2000e(s)(f)(1) (1982); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 137 n.1 (1st Cir. 1985) (finding no error where court exercised its discretion to deny Title VII plaintiff's motion for appointment of counsel).

A District Court considers three factors in determining whether to appoint counsel under Title VII: (1) the merits of plaintiff's case; (2) the efforts by plaintiff to obtain legal representation; and (3) the plaintiff's financial ability. *Gadson v. Concord Hosp.*, 966 F.2d 32, 35 (1st Cir. 1992) (also noting that "[a]ny one of the three factors may be determinative."). Where a Title VII plaintiff's claim is "without substance" and "lacks merit," "counsel will not be appointed regardless of the plaintiff's diligence in seeking representation or lack of financial means." *Id.* (affirming District Court's refusal to appoint counsel in meritless Title VII case).

The present claim is wholly without merit. As discussed in the Motion to Dismiss file by Defendant on August 6, 2009, all of Plaintiff's claims – to the extent that he has stated any – are barred by the doctrine of res judicata. He sued the same Defendant for the same claims in Massachusetts Superior Court, which dismissed Plaintiff's claims with prejudice. *See Nguyen v. GE Sensing, et al.*, No. SUCV2007-02744-E (Mass. Super. Ct. Oct. 15, 2007) (Spurlock, J.). This decision was a final judgment on the merits, barring the Plaintiff from all future attempts to relitigate his claims. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) ("dismissal for failure to state a claim under [Rule] 12(b)(6) is a judgment on the merits" for res judicata purposes); *Isaac v. Schwartz,* 706 F.2d 15, 17 (1st Cir. 1983) ("Under Massachusetts

2

law, as elsewhere, a dismissal for failure to state a claim . . . operates as a dismissal on the merits."). Where the Plaintiff's claims plainly lack merit, the Court should not ask any attorney to waste valuable resources on this baseless matter. *See Gadson*, 966 F.2d at 35.

While the frivolous nature of Plaintiff's claims destroys his argument that he is entitled to court-appointed counsel, Plaintiff also fails to satisfy the second and third prongs of the test set forth above. He has utterly failed to describe or provide evidence of his efforts to obtain legal representation. If Plaintiff's claims were even remotely meritorious, he should have been able to retain one of the numerous attorneys who represent clients in employment matters on a contingency basis, or he could have obtained assistance from one of Boston's numerous legal aid organizations. Apparently, no attorney is willing to help Plaintiff sue Defendant for the fifth time on the same claims.[1] Moreover, Plaintiff's exhibits fail to demonstrate a present lack of financial resources, because those exhibits are dated 2007. Although this Court granted Plaintiff's request to proceed *in forma pauperis* on July 10, 2009, his financial standing must be clearly demonstrated to support his request for appointment of legal counsel. Plaintiff has utterly failed to meet his burden.

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff's Motion for Appointment of Counsel.

---

[1] As explained in Defendant's Memorandum in Support of Its Motion to Dismiss, Plaintiff has previously sued Defendant for these claims in the Superior Court, and he has also brought <u>three</u> charges of discrimination against Defendant before the Massachusetts Commission Against Discrimination ("MCAD"). *See Alan Nguyen v. GE Sensing*, MCAD Docket Nos. 06BEM01580 (race/color discrimination); 06BEM03071 (national origin/disability/race/ color); 07BEM01642 (national origin/disability/race/color).

Respectfully submitted,

Defendant,
GE INFRASTRUCTURE SENSING, INC.
By its Attorneys,

/s/ Beth Gobeille_____
Krista G. Pratt (BBO# 644741)
kpratt@seyfarth.com
Beth Gobeille (BBO# 672639)
bgobeille@seyfarth.com
SEYFARTH SHAW LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
Tel.:   (617) 946-4800
Fax:   (617) 946-4801

DATED: August 14, 2009

## CERTIFICATE OF SERVICE

I, Beth Gobeille, hereby certify that on August 14, 2009, a true copy of the foregoing document was delivered by first class mail upon Plaintiff, *pro se*, 130 Wrentham Street, Apt. 2, Dorchester, MA 02124.

/s/Beth Gobeille_ __