# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-cv-10630-NMG

| | |
|---|---|
| Plaintiff's Name and Address:<br>Alan Nguyen, Pro Se<br>130 Wrentham Street., Apt # 2<br>Dorchester, Massachusetts 02124<br>Telephone #: (617) 282-9914<br><br>V.<br><br>Defendant's Name and Address:<br>GE Infrastructure Sensing, Inc "GE Sensing")<br>1100 Technology Park Drive<br>Billerica, Massachusetts 02821<br>Telephone #: (978) 437-1000 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE PLAINTIFF'S RESPONSE TO THE PENDING MOTION TO DISMISS, and OBJECTIONS IN THEIR ANSWERS STATEMENT OF GE SENSING. THE PLAINTIFF'S RESPONSE TO AGREE TO PARTICIPATE THE MEDIATION PROGRAM.**

Now comes Plaintiff, Alan Nguyen, and pursuant to Federal Rules of Civil Procedure. Gather evidences are attaching in this litigant's position to prove the factual basic of my complaint.

Objection. Plaintiff objects a copy of the Respondent's Position Statement of GE Infrastructure Sensing, Inc ("GE Sensing" or "Defendant"). I do believe that the almost in parts of the defendant answers of their Position Statement are incorrect or misleading. Therefore, plaintiff complaints must Not be dismissed in its entirety.

Defendant's stating that moves to references to CONFIDENTIAL MEDIATION discussions. Wherefore, Plaintiff agrees with defendant to participate in the United States District Court's pro se to confidential mediation program.

Why I honestly believe that the Position Statement is incorrect or misleading because GE Sensing, Inc has a protected characteristic, and in their contradictory formal written statement by the defendant responding. The greater of details along with evidences are legal basic to supporting within eleven paragraphs below.

Paragraph 1, Wrongful Terminated Employment
Defendant wrote; "Plaintiff's employment was terminated on June 20, 2007, after three no call/no show absences from scheduled". Also defendant accused plaintiff that GE Infrastructure Sensing is terminated as a result of "job abandonment". Objection. Plaintiff objects in their respondent's position statement.
GE Sensing was terminated my employment because Ms. Anne Ginestre, Manager of Human Resources for GE Sensing broke the Law. Because I was disabled of Asthma, Dr. Vu ordered that "should be excused from work from June 18, 2007 until July 19, 2007 due to SURGERY and BLEEDING". Because my national origin of Vietnam, and my race and color of Vietnamese. Also I was discharged in their enforced policy that defendant violated the law. Thereafter; Hearing Department of Greater Boston Region investigated and OVERTURNED in October of 2007. (Attached as exhibit a pieces of evidence #: 1, total: 13 pages).

Paragraph 2, My background and education.
I, Alan Nguyen is a 45-year-old's male who was originally from Vietnam. I was born in Quang Tri, Vietnam; Where was the biggest Vietnam War in Summer of 1972 and 1975. Then, I was a boat people, and immigrant refuge. Attached this a translated from my original birth of certificate, and the petition for name changed by United States District Court. Thanks God ! I thank democracy, freedom, and I have equal opportunities to live in The United States of America, and equal employment rights to get challenge. However, GE Infrastructure Sensing, Inc treated me as a slave over six years, until when I was discharged on June 20, 2007.

I became US Citizen on January 26, 1995, and my highest of education graduated at Bunker Hill Community College at Boston Massachusetts second day of June, 1995 (Attached as exhibit #: 2, total: 6 pages).

Paragraph 3, Proofs and the witnesses.
Whenever there was any things happened in the calibration probe lab in GE Sensing, I had reported to Mr. John Lord, supervisor of probe lab. Ms. Marcie Cirota, Manager for Calibration, and Ms. Anne Ginestre, Manager of Human Resources-GE Sensing about harassed noisy music in work place, threatened with a knife, and offended by Norman Ayochok. Took advantage of me, told about me in

work place and abused of me by John Lord, Supervisor. However they did not care about it, HR protected both man stuck relationship, and did not resolve seriously situation in workplace. Witnesses name is Rafael Nomelini who was worked in the calibration probe lab (letter from this witnessed). Also, witnesses name are Menh Lay Tasn - GE employee #: 208038213, and Jose Pina - GE employee #: 208038628 (Attached as exhibit #: 3, witnesses, total: 3 pages).

Paragraph 4. Knife in Lab room in GE Sensing property.
Therefore, I had reported to Billerica police department for threatening me on July 29, 2005, because I had been coerced and threatened by Ayochok, and John Lord, supervisor to work the separate area in toxic chemicals room, the harassment forced me with a knife of eight to twelve inch blade with a yellow short handle from March 18, 2001 through July 29, 2005 in the workplace violence. There was caused four other employees in team-work held my position, they did not want to touch toxic chemical. None of these men are Vietnamese. However, GE Infrastructure Sensing., Inc in their of policy Employee Handbook wrote; "knives must never be used in a manner that is dangerous, threatening or inappropriate. Any instance of a knife being used in an inappropriate manner will not be tolerated and will result in disciplinary action up to and including discharge" page 9, paragraph 3.
After I had reported to police, Ayochok was suspended two months. Norman Ayochok is very strong man, his height about 6-06, his weigh about 200 pounds. Ayochok came up to the station that night and showed police a knife, and police took a picture (Attached as exhibit #: 4, police formal reported, and GE policy, 7-p).

Paragraph 5. Workplace injured/exposed; Caused: Employment Discrimination.
I, Alan Nguyen, employee was worked for GE Sensing (Formerly Panametrics in Waltham) since from on March 18, 2001 as a temporary employee. Thereafter I became a permanent employee on April 15, 2002, the position of Probe Lab Technician by Mike Screen, Manager of Human Resource until June 20, 2007, when I was discharged. I worked full-time, from 9:00 A.M. to 5:30 P.M., Monday through Friday. I was worked in the probe Lab room from March 18, 2001 through June 20, 2007. During this period of over six years; I never received training for my position such as perform precision calibrations, humidity sensors, and pressure sensors, performs duties to test probe, troubleshoot, and repair products, pressure transducers, prototype lab as my position Probe Lab Technician. I was placed in a toxic chemicals room, only to uses **n-Hexane** to clean customers moisture probe-sensor in DIRECTLY contact with two-gallon bucket of chemical. I cleaned about 80 contaminated sensors probe per day, in a small room lab about 6-feet-wide, and

12-feet-length with NO HOOD OR EXHAUST VENTILATION SYSTEMS to vacuum the away airborne toxic chemicals, and NO RESPIRATORY PROTECTION. I had seriously inhaled suffering of irritating chemicals. During this period I spent about six hours a day cleaning contaminated sensors probes, and about 2 hours a day welding. Two-gallon of n-Hexane in ultrasonic cleaner was connected with a plastic tube dripping directly to a big of container about 30 gallons contaminated n-Hexane was in that room without closed. A storage of cabinet contained some chemicals were also in that small room. When a switch fan turned its on as needed for over exposed to noxious n-Hexane chemical, and window fan closed the other six months in winter. In the summer time had never had air-condition in that room.

There were four other Probe Lab Technicians in the team-work with the same job description that were not placed in a room without ventilation, (Bruno Aurilio, Lionel Clement, John Lord, and Norman Ayochok) none of these men are Vietnamese. (Attached as exhibit #: 5, Page 2, paragraph 3 of impartial medical examination in Cambridge Hospital on January 23, 2008 by Stefanos N. Kales, MD. Total: 17 pages).

<u>Paragraph 6, Abused plaintiff that caused No Equal Employment Opportunity</u>.
When GE Infrastructure moved to Billerica by the end of 2004, I still was enforced to work in chemicals area by John Lord, supervisor. Who is still never assist me in the development and improvement of test techniques, and never support analytical & problem solving skills. Mr. Lord also separated me to work closely with GE Sensing Engineering to develop appropriate test procedures. Because GE Sensing had scheduled to delivery about 80 of the moisture probes to customers for every-day on time after I had cleaned 80 of the contaminated moisture probes for every-day. Also, separately only one me, moved me to work another area to operating Laser Engraver to properly mark transducers from the end of 2004 until in September of 2005. This machine was exposed to these noxious fumes directly to my nasal passage, and my inhaled to irritants noxious fumes because without exhaust ventilation systems to vacuum away fumes. However, I, employee have been requesting proper ventilation over the years, and requesting rotation to uses n-Hexane to clean probes, but was ignored, with the result that I sued in the Board, and believe that I have been discriminated against due to my disabled of persist worse cough, sinusitis, and upper respiratory infection , my national origin of Vietnam, and my race and color of Vietnamese.
(Attached as exhibit #: 6. Medical report of primary physician triggered by some chemicals, and inhaled of irritating fumes work-related, total: 2 pages).

Paragraph 7, Employer changed my duties, and replaced.
After I had formal reported to Billerica Police Department on July 29, 2005, Human Resource (HR)Manager removed me out of probe lab room. Thereafter I was separately enforced to work another area, the position as MiniCap 2 (MC2) Relative Humidity Sensor from on September 27, 2005 through August 10, 2006. During this period; I was enforced to have used two named of chemicals such as Lithium Chloride, and Potassium Nitrate in order to tested MC2 sensors. These chemical is also causally related to my worked exposure to toxic chemicals. Dr. Vu continues to recommend that Employee not exposed to chemical and smoke and diagnoses that I still have asthma which is frequently occurring and severely exacerbated. (Attached as exhibit #: 7, coerced assignment of work, total: 3 pages).

Paragraph 8, Abused Employee Rights; Caused No Equal Employment Rights.
Thereafter I was continuously enforced to work another separate area in front of MAN-ROOM, the position as M2LR Base Assembler from August 11, 2006 through October 31, 2006. This is basic Moisture Sensor Welding. During this period; I asked but GE Sensing did Not provide me instruction and/or Operation sheet, also did Not provide mask, and vacuum-clean-fumes while I was welding without respiratory protection. Witness name: Mark Killkelley-Manufacturing engineer. So, this is causally related to my worked exposure to welding smoke, I inhaled fumes and persists worse of my nasal membranes in air way serious side effects occur as pain in noses and headache. I had reported to Mr. William J. Chaisson -Environmental Health and safety Manager for the Billerica facility, and requested to provide mask and vacuum-clean-fumes, but ignored. At this time; my chest tightness occasionally pain, and seriously cough. Then I also reported to Debra Bloom, RN of GE Sensing on October 31, 2006 (Attached ).
Beginning August 2006, I began to have a cough, and on October 30, 2006, my Primary Care Doctor Huy L. Vu, of Caritas Carney Hospital diagnosed my cough and late recommended the avoidance of exposure to chemical and smoke.
On December 18, 2006, Dr. Jaime Pareja, of Caritas Carney Hospital wrote on his report; "This is a 42-year old male with symptoms of cough, chest pain, shortness of breath and wheezing which are suggestive of asthma. These seem to be triggered by exposure to irritants at his work place". Last visit on July 9, 2009, Dr. Pareja wrote on my medical report; "Past medical history Asthma, Sinusitis" Follow up 3 months.

I believe I have been discriminated against due to my disability of Asthma, my national origin of Vietnam, and my race and color of Vietnamese.
(Attached as exhibit #: 8, proof of medical report from specialist, MD; total: 14 p).

Paragraph 9. Workplace exacerbated of injured, and Civil Rights: Job.
At this time; I submitted to HR Manager my medical report that my primary physician and specialist doctor said that employee was having cough and asthma due to contact with toxic chemicals and welding smoke at work for more than five years and recommended be transferred to a new job not in contact with those chemicals and smoke. Therefore I received a letter from Anne Ginestre, HR Manager on December 6, 2006, informing me that there was an opening in Respondent's stock room and that I would be placed there effective December 8, 2006. Upon returning to work, Respondent placed me in their storage room, not stock room. Because it is so dirty in the storage room, I am having trouble breathing once again until December 29, 2006, I reported to HR Manager (Attached). I denied to work in Storage room. During this period because I was disabled, and my new position in the Stock Room. At this time I had Not been trained as the position in Stockroom. GE Sensing has over 150 employees for the Billerica facility but only one me was enforced to work as cleaned - up in their Storage room without mask, gloves, and no steel toe shoe safety. However, I asked PPE but they had Not gotten it for me. I was moved so many too heavy boxes, parts and everything alone, and each box is over 50 pounds in weight in total. Also I had build ten of grey steel shelves in their Storage, and each shelve is over 60 pounds in weight in total. After I had build ten of grey steel shelves, I was enforced to move so many parts placed on their shelves by Mr. Richard Krafft-stock room Manager. Then, Mr. Krafft had taken three pictures after I had done, it has enclosed photos on their Respondent statement of position. However Krafft had Not photos of the area taken before I Build ten of steel shelves.
I believe Respondent has subjected me to different terms and conditions of employment based on my race/color and national origin. I also believed they've failed to accommodate my disability by placing me in the storage room. (Attached as exhibit #: 9, Doctor ordered avoid chemical, HR stock-room position, total: 3-p).

Paragraph 10. Workplace exacerbated injured/exposed; Employer changed my job.
After I had filed complaint to Massachusetts Commission Against Discrimination (MCAD) on December 18, 2006, HR Manager removed me out of the probe lab department. At this time; HR Manager appointed a man named: Paul Kelly, Group leader of Calibration Probe Lab , and REPLACED ME to a young lady working as partner currently with Mr. Norman Ayochok.
HR Manager removed me back to work a small area in front of MAN-ROOM until April 2, 2007 the position as M2LR Base Assembler. This is basic Moisture Sensor Welding. At this period, I had done welding a total of 4,941 moisture sensors probe.

I did not accept this position as Assembler. Because during this period, I saw my doctor, I submitted my medical report to GE Disability Benefits Center, and Ms. Anne Ginestre, HR Manager. They agreed me stayed with disability so I was on paid leave from October 31, 2006 through December 8, 2006.
(Short-term disability paid, attached as exhibit #: 10).
On February 7, 2007, Dr. Edward J. Reardon of Caritas Carney Hospital, seeing that Employee's because of chronic irritation, and nose was congested, swelling, that was work-related around welding material and some chemicals.
On April 3, 2007 I underwent surgery for severe chronic sinusitis related to inhalation of toxic chemicals at work. SINUS SURGERY was done with the scheduling help of Dr. Reardon, "had a blockage of the sinuses secondary to chronic irritation of the nasal, had septoplasty and endoscopic sinus surgery for severe chronic sinusitis" that clear evidence of chronic sinus from my ENT examination and from the CAT scan findings.
Therefore, I was again on paid leave for short-term disabled from April 3, 2007 until June 9, 2007. Then, I was discharged on June 20, 2007.
(Attached as exhibit #: 10, proof of CT Scan, and medical record sinus surgery; Total: 19 pages).

Paragraph 11. The parties are unable to resolve the dispute.
As the result, Ms. Anne Ginestre, Manager of Human Resources for GE Sensing walked up to me and took me into her office on February 26, 2007. Ms. Ginestre offered the settlement $15,000. US dollars, but I rejected the settlement. Because I did not want to give up certain rights. Also, the mediation at MCAD, efforts at resolution between the Complainant and the Respondent were attempted on February 13, 2007. The Respondent offered 60% salary of 26 weeks unemployment benefit, severance 2 mos $5,400. And health insurance 2 mos cobra coverage, but the Complainant rejected the settlement. On June 25, 2008 I submitted a formal request to withdraw the complaint MCAD docket number: 07BEM01642 against all defendants pursuant to Section 9, of c. 151B to bring a Civil Action to file a lawsuit in United States District Court. Therefore, on February 20, 2009 MCAD granted and closed as Chapter 478 withdrawal. Also filed with the U.S. Equal Employment Opportunity Commission Hub charge number: 16C-2007-01743, Title 7 of the 1964 Civil Rights Act and/or under the Age Discrimination in Employment Act, 29 U.S.C. Section 621 et seq., be withdrawn. EEOC date mailed on August 14, 2009, briefly state "Charging Party is pursuing claim in another forum".
(Attached as exhibit #: 11, proposal at MCAD, and EEOC, total: 5 pages).

I, Alan Nguyen, the complainant believe that I was discriminated against by GE Infrastructure Sensing, Inc., on the based of National Origin, Disability, Race, Color (Asian), and disability of Asthma. This is in violation of Massachusetts General Laws, Chapter 151B, Section 4 Paragraph 1; M.G.L. 151B Section 4 Paragraph 16 and Title VII of the 1964 Civil Rights Act, and the Americans with Disabilities Act (ADA), as amended.

## CONCLUSION & REASONING

I was worked for GE Infrastructure Sensing, Inc., for over six years; During this period, I have asthma, and I underwent SINUS SURGERY related to inhalation of toxic chemicals, smoke and fumes at work. There was caused in employment discrimination have occurred, so I have been suffering in the emotional distress damages in the employment discrimination for over six years. I have seriously suffered shortness of BREATH and WHEEZING at night, and I could not sleeping due to persists worse for asthma, cough, chest tightness occasionally, and persists worse of the NASAL MEMBRANES in airway serious side effects occurring pain in noses with voice problem. I have been taking increased medications for asthma as Advair diskus 500/50mcg, Flovent HFA 110mcg, ProAir HFA 90mcg, and for cough as Tussicaps 10-8mg for over three years but not improving. The medical expenses incurred by plaintiff, the total up-to-date is $2,382.96 (attached as exhibit # 12, total: 31 pages). I had serious side effects occurring as headache, worry, stressful in life, and my anger stomach pain. I have been developing a permanently life-threatening physical condition for over three years, the incapacity was work-related, I remain disabled without income. There was caused that I had no equal employment rights, no equal opportunity to get challenge, and never received training for my position in the time I worked there. What have been happening in my airway constriction, and inflammation in for my lung in the future. And what will be going on for FOUR my children (youngest daughter 4-year-old), they need help, they need you created equal and justice.

**WHEREFORE, plaintiff agrees to participate in the United States District Court's pro se mediation program.** Otherwise, the plaintiff respectfully request that this Court has jurisdiction over this matter to issues a decision in its entirety in favor of the plaintiff. Respecting law; The plaintiff demands judgment against the defendant for damages and such other relief as this Court deems just.

I hereby verify, I have written but not professionally written, however I make every effort to state my case in clear. I wish this Court will take into consideration that I am a PRO SE litigant and untrained in drafting legal documents. I have read and the allegations contained herein are true to the best of my knowledge.

All of above text is true and this affidavit is signed under the pains and penalties of perjury.

Respectfully submitted

*(signature)*

Alan Nguyen, Pro Se
Signature of Complainant
130 Wrentham Street., Apt #: 2
Dorchester, Massachusetts 02124
Telephone #: (617) 282-9914                    DATED: November 16, 2009

BY CERTIFIED MAIL
Cc.
Krista G. Pratt, Esq of GE Infrastructure Sensing, Inc., (GE Sesing)
Beth Gobeille, Esquire of GE Infrastructure Sensing, Inc., (GE Sensing)
Seyfarth Shaw LLP
World Trade Center East
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210

Notary Public

*(signature)* 11/16/09

State Massachusetts
County Suffolk

**DONALD DESILUS**
Notary Public
Commonwealth of Massachusetts
My Commission Expires May 28, 2015