# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ALAN NGUYEN, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> GE INFRASTRUCTURE SENSING, INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION NO. 09-cv-10630-NMG <br><br> LEAVE TO FILE GRANTED ON <br> DECEMBER 11, 2009 |

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT, AND MOTION TO STRIKE

Defendant GE Infrastructure Sensing, Inc. ("Defendant" or "GE Sensing") hereby submits this Reply to Plaintiff Alan Nguyen's ("Nguyen" or "Plaintiff") Opposition (the "Opposition") to Defendant's Motion to Dismiss, and in the Alternative, Motion to Strike and for a More Definite Statement (the "Motion"), in order to clarify the issues relevant to the Motion to Dismiss. In addition, Defendant hereby submits its Motion to Strike the entire Opposition, or at a minimum any references in the Opposition papers to confidential mediation discussions.

Defendant filed its Motion on August 6, 2009. After Plaintiff failed to oppose the Motion, this Court granted him an extension, and Plaintiff finally filed his Opposition on November 17, 2009. However, Plaintiff's Opposition is completely inappropriate and fails to respond to the legal arguments set forth in Defendant's Motion. Instead, the Opposition contains nine pages of irrelevant and rambling factual arguments, along with 126 pages of attachments including what appears to be Plaintiff's entire medical history and photographs of his college graduation. Furthermore, while the Defendant has already moved to strike references to confidential mediation discussions from Plaintiff's Complaint, Nguyen included <u>even more</u> details about those discussions in his Opposition. *See* Opposition at 7, and attachments.

BO1 16011266.1

Plaintiff's Opposition is yet another example of the abusive, redundant, and harassing tactics to which he has subjected Defendant over the past three years. GE Sensing is entitled to finality. Nguyen has repeatedly sued Defendant for the same claims, and there is no reason to expect that he will stop if the Court does not intervene. This Court should strike Plaintiff's entire Opposition because it is completely inappropriate and irrelevant to the legal issues at hand. At a minimum, the Court should strike any and all references to confidential mediation discussions that occurred before the Massachusetts Commission Against Discrimination ("MCAD").

## I. Plaintiff's Opposition Contains No Relevant Information.

Plaintiff's Opposition fails to respond to any of the legal arguments set forth in Defendant's Motion. Defendant moved to dismiss Plaintiff's claims on res judicata grounds because Plaintiff previously and unsuccessfully sued Defendant in Massachusetts Superior Court seeking relief for the same claims. In addition, Defendant argued that Plaintiff's claims are barred by the exclusivity provision of the Massachusetts Worker's Compensation statute and that Plaintiff failed to state a claim upon which relief can be granted. Plaintiff's Opposition is a disorganized rehashing of the alleged facts underlying his previous claims. Rather than disputing Defendant's legal arguments, Plaintiff has confirmed that his claims are the same ones for which he has already sought redress, three times from the MCAD and once from the Massachusetts Superior Court. Plaintiff does not and cannot point to a single allegation that falls outside the scope of the prior litigation. Instead, he strays far outside the four corners of his Complaint, introducing a slew of documents and factual allegations that are improper in an opposition to a 12(b)(6) motion. This Court should strike Plaintiff's entire Opposition as inappropriate and irrelevant.

## II. Plaintiff's Continued References to Confidential Mediation Discussions Should Be Stricken.

In its Motion dated August 6, 2009, Defendant requested that the Court strike all references to confidential mediation discussions from the Complaint. *See* Mot. at 10-11; Compl. at 3. In support of its Motion, Defendant cited Fed. R. Civ. P. 12(f), which states that "[t]he Court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." In addition, Defendant argued that Plaintiff's references to settlement discussions were both impertinent and immaterial because he entered into a confidentiality agreement regarding the mediation discussions, and, in his Complaint, he referred to those discussions to imply wrongdoing on the part of Defendant.[1]

Rather than responding to these legal arguments in his Opposition, Plaintiff instead disclosed <u>further</u> details about the mediation discussions. *See* Opp'n at 7. This time, rather than merely referring to the fact that mediation discussions occurred, he lays out the details of certain alleged financial offers and states his alleged reasons for rejecting them.[2] *See id.* At a minimum, the Court should strike all references to these confidential discussions for the reasons set forth above and in the Motion dated August 6, 2009.

## CONCLUSION

For the foregoing reasons, the Defendant requests that this Court strike Plaintiff's entire Opposition, or at a minimum strike the inappropriate references to confidential mediation discussions contained therein. In addition, for the reasons set forth in Defendant's Motion to Dismiss and above, the Defendant respectfully requests that this Court dismiss Plaintiff's

---

[1] The MCAD retained the confidentiality agreement for their files. Defendant will obtain a copy of the confidentiality agreement upon the Court's request.

[2] In addition to twice breaching the confidentiality agreement, Plaintiff has mischaracterized the amount of the financial offer made by Defendant in MCAD mediation proceedings, and his statements should be disregarded.

3

Complaint in its entirety, with prejudice, to spare Defendant from further abusive and redundant litigation.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | Defendant,<br>GE INFRASTRUCTURE SENSING, INC.<br>By its Attorneys, |
|  | /s/ Beth L. Gobeille<br>Krista G. Pratt (BBO# 644741)<br>Beth L. Gobeille (BBO# 672639)<br>SEYFARTH SHAW LLP<br>World Trade Center East<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210-2028 |
| DATED: December 11, 2009 | Tel.:   (617) 946-4800<br>Fax:   (617) 946-4801 |

## **CERTIFICATE OF SERVICE**

    I, Beth L. Gobeille, hereby certify that on December 11, 2009, a true copy of the foregoing document was delivered by hand delivery upon Plaintiff Alan Nguyen, *pro se*, 130 Wrentham Street, Apt. 2, Dorchester, MA 02124.

    /s/ Beth L. Gobeille